UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MEDIAVATION, INC.,**

        **Plaintiff,**

-vs-                                      Case No. 6:08-cv-1903-Orl-19KRS

**BRUCE RODGERS,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Voluntary Dismissal by Plaintiff Mediavation, Inc. (Doc. No. 32, filed July 9, 2009);

2. Response in Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice by Defendant Bruce Rodgers (Doc. No. 33, filed July 14, 2009);

3. Reply to Defendant's Response in Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice by Plaintiff Mediavation, Inc. (Doc. No. 36, filed July 29, 2009); and

4. Surreply in Further Opposition to Plaintiff's Motion for Voluntary Dismissal Without Prejudice by Defendant Bruce Rodgers (Doc. No. 37, filed Aug. 12, 2009).

## Background

This case arises from Mediavation, Inc.'s claim that Bruce Rodgers infringed U.S. Trademark No. 2723486, MEDIAVATION ("Mark"). On September 19, 2008, Mediavation first demanded that Mr. Rodgers cease using the Mark. (Doc. No. 32 at 2.) Subsequent pre-litigation

correspondence failed to resolve the dispute. (*Id.* at 2-3.) Consequently, Mediavation filed suit against Mr. Rodgers, and Mr. Rodgers filed an Answer and Affirmative Defenses. (Doc. No. 1, filed Nov. 12, 2008; Doc. No. 13, filed Dec. 23, 2008.) The parties thereafter conducted discovery which culminated with Mediavation deposing Mr. Rodgers on June 25, 2009. (Doc. No. 32 at 3.)

Mr. Rodgers moved for summary judgment on July 1, 2009, (Doc. No. 30), and Mediavation moved for a voluntary dismissal without prejudice on July 9, 2009. (Doc. No. 32.) Mr. Rodgers opposes Mediavation's Motion and claims that a voluntary dismissal without prejudice would be unjust given Mediavation's baseless claims and the time, costs, and attorney's fees expended by Mr. Rodgers. (Doc. No. 33 at 2-4). Mr. Rodgers alternatively argues for a voluntary dismissal with prejudice. (*Id.*) Mediavation replies that it justifiably sued Mr. Rodgers based upon Mr. Rodgers' pre-litigation statements concerning his use of the Mark and that Mediavation justifiably continued discovery to reconcile Mr. Rodgers' inconsistent statements concerning his use of the Mark. (Doc. No. 36 at 1-3). Mediavation claims that discovery has now clarified Mr. Rodgers' use of the Mark and that a voluntary dismissal without prejudice is appropriate. (Doc. No. 32 at 3.) Mediavation and Mr. Rodgers further support their positions by citing their respective needs to protect their intellectual property and business reputations. (Doc. No. 36 at 5; Doc. No. 33 at 3-4).

**Standard of Review**

Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of actions. A plaintiff may dismiss an action without an order of the court at any time before the adverse party has served an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1). If, as is the case here, the adverse party has served an answer, dismissal is available to a plaintiff only upon order of the court

and upon such terms and conditions as the court deems appropriate. Fed. R. Civ. P. 41(a)(2). Absent a contrary indication, dismissal under Rule 41(a)(1) or Rule 41(a)(2) is without prejudice.

A district court enjoys broad discretion in determining whether to allow voluntary dismissal under Rule 41(a). *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). According to the Eleventh Circuit Court of Appeals, "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original)). The crucial question to be determined is: "Would the defendant lose any substantial right by the dismissal?" *Id.* (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (citing *McCants*, 781 F.2d at 857). Generally, a dismissal should be without prejudice absent evidence of bad faith on the part of the plaintiff's counsel. *See id.* at 1256-57 (citing *McCants*, 781 F.2d at 858; *Durham*, 385 F.2d at 368).

## Analysis

**I. Voluntary Dismissal**

A voluntary dismissal is appropriate unless Mr. Rodgers will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Potenberg*, 252 F.3d at 1255. Considerations generally relevant to this inquiry include the duration of the lawsuit, the number of motions filed, the pendency of any motions, the extent of discovery undertaken, whether any extensions of time were granted, and the plaintiff's purpose for moving for voluntary dismissal. *McBride v. JLG*

*Indus., Inc.*, 189 F. App'x 876, 878 (11th Cir. 2006); *Mosley v. JLG Indus., Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006); *Stephens v. Ga. Dep't. Of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005).

In some cases, a voluntary dismissal moots a pending motion for summary judgment. *McBride*, 189 F. App'x at 878; *Mosley*, 189 F. App'x at 876. The potential mooting of a pending motion for summary judgment by itself does not warrant denying a motion for voluntary dismissal. *Potenberg*, 252 F.3d at 1258. But where the parties have expended considerable resources to fully develop a case, a court may infer that the plaintiff seeks a voluntary dismissal solely to avoid the pending summary judgment. In such case, a court generally denies a motion for voluntary dismissal. *McBride*, 189 F. App'x at 878; *Mosley*, 189 F. App'x at 876. Thus, in *McBride* and *Mosley*, voluntary dismissal was inappropriate not merely due to the pending motion for summary judgment, but principally due to "the time that had passed since the case was filed, the many motions filed, . . . the discovery produced, . . . [the] considerable time ... expended and expenses incurred, [and] the many extensions granted to Plaintiff for naught." *McBride*, 189 F. App'x at 878; *Mosley*, 189 F. App'x at 876.

In contrast, this case has proceeded with little delay since its inception. (*See* Doc. No. 1 (showing that the Complaint was filed on November 12, 2008).) The discovery and pending Motion for Summary Judgment are well within the original time frame set by the Court. (*See* Doc. No. 20 at 2 (setting September 11, 2009 as the discovery deadline); *id.* (setting November 11, 2009 as the deadline for filing dispositive motions).) Unlike the facts in *McBride* and *Mosley*, no extensions of time have been granted for the plaintiff. *McBride*, 189 F. App'x at 878; *Mosley*, 189 F. App'x at 876. In fact, the only extension of time granted in this case afforded Mr. Rodgers additional time to answer the Complaint. (Doc. No. 10, filed Dec. 8, 2008.) Finally, both parties here have dutifully

complied with each other's limited discovery requests, and the discovery produced has been probative of both Mediavation's claims and Mr. Rodgers' defenses. (*See* Doc. No. 30 (citing frequently Mediavation's responses to Mr. Rodgers' interrogatories); Doc. No. 32 at 3-4 ("Plaintiff has established through discovery that Rodgers is not currently using the [Mark] and does not intend to use the [Mark]. Accordingly, the relief requested . . . is no longer necessary."); Doc. No. 36 at 7 ("[Mediavation] has no desire to continue this litigation provided [Mr. Rodgers] is not using [the Mark].").) On the other hand, the litigants in *McBride* and *Mosley* endured a "protracted period of discovery" prior to the filing of the motions for summary judgment and voluntary dismissal. *McBride*, 189 F. App'x at 877; *Mosley*, 189 F. App'x at 875. Thus, the procedural history of this case does not indicate that Mr. Rodgers would suffer clear legal prejudice from a voluntary dismissal.

In addition, Mr. Rodgers claims that his litigation expenses are so great that he would suffer clear legal prejudice from a voluntary dismissal. (Doc. No. 33 at 2-3.) Mr. Rodgers also claims clear legal prejudice from a voluntary dismissal because it would deny him the opportunity to vindicate his damaged business reputation by obtaining a final resolution of this case through summary judgment. (Doc. No. 33 at 3-4.) However, all businesses risk litigation expenses and damaged business reputations when operating in the modern marketplace. Moreover, no caselaw indicates that Mr. Rodgers would suffer clear legal prejudice from a voluntary dismissal simply because he sustained litigation expenses and a damaged business reputation incident to litigation. The brief duration of this case, the timely and relevant discovery conducted, and the absence of any clear legal prejudice to Mr. Rodgers indicate that a voluntary dismissal is appropriate.

Although voluntary dismissal is appropriate, the Court may attach conditions to the voluntary dismissal if equitable and just. *Potenberg*, 252 F.3d at 1256. Mr. Rodgers bore considerable expense in preparing pleadings, conducting discovery, mediating, and preparing dispositive motions. (*See* Doc. No. 33 at 3 (claiming $43,209.71 in attorneys' fees as a result of this litigation).) At the same time, Mediavation acknowledged that this case helped to resolve its principal concerns that Mr. Rodgers was infringing its Mark. (Doc. No. 32 at 3-4.) Yet if Mediavation relitigates a voluntarily dismissed claim against Mr. Rodgers, Mr. Rodgers would inequitably reincur the corresponding litigation expenses. Accordingly, as a condition to voluntary dismissal without prejudice of this case, Mediavation must pay Mr. Rodgers' reasonable attorneys' fees and costs incurred in this case to the date of this Order if Mediavation again files suit against Mr. Rodgers and reasserts any claim made in this case prior to the date of its dismissal.

## II. Voluntary Dismissal With Prejudice

Mr. Rodgers alternatively argues for voluntary dismissal with prejudice. (Doc. No. 33 at 2-4.) Generally, a voluntarily dismissal with prejudice is appropriate only upon a showing of bad faith by plaintiff's counsel. *Potenberg*, 252 F.3d at 1256-57. Bad faith requires more than mere negligent representation or poor trial strategy. *Id.* at 1257-58.

Just as this case impacted Mr. Rodgers' reputation, his most important business asset, so too did this case impact Mediavation's most important business asset, its Mark. (Doc. No. 33 at 3-4; Doc. No. 36 at 5.) No evidence suggests that Mediavation filed this action for a purpose other than protecting its Mark. In addition, there is no evidence that Mediavation's counsel delayed discovery or settlement of this case in bad faith. Mediavation sued Mr. Rodgers and conducted discovery in

order to determine Mr. Rodgers' prior, current, and future intended use of the Mark. (Doc. No. 32 at 2-4.)

Mr. Rodgers suggests that Mediavation's unsuccessful motion to appear telephonically at a settlement conference constituted bad faith. (Doc. No. 37 at 6.) Notwithstanding the merits of such motion, its denial merely required the parties to attend the private mediation previously ordered by the Court. (Doc. Nos. 22-26.) Mediavation's attendance at the private mediation indicates a good-faith attempt to settle. (Doc. No. 29 at 1.) Finding no evidence of bad faith by Mediavation's counsel, a voluntary dismissal without prejudice is appropriate.

**Conclusion**

The Motion by Mediavation for Voluntary Dismissal is **GRANTED** on the condition that Mediavation will pay Mr. Rodgers' reasonable attorneys' fees and costs incurred in this case to the date of its dismissal if Mediavation reasserts in the future against Mr. Rodgers any claim made in this case. (Doc. No. 32.) The Motion by Mr. Rodgers for Summary Judgment is **DENIED AS MOOT**. (Doc. No. 30.) On the conditions stated herein, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to close this file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August 27, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record